UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-81546-ROSENBERG

JOHN ANTHONY ORLANDO,

    Plaintiff,

v.

WESTPARK CAPITAL, INC.,

    Defendant.

_____/

## ORDER DISMISING CASE FOR LACK OF SERVICE

**THIS CAUSE** is before the Court *sua sponte*. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, the Plaintiff must serve the Defendant within ninety days of the day the Plaintiff filed his complaint. The Plaintiff filed his complaint on December 8, 2023. Because the Plaintiff did not file proof of service on the docket,[1] the Court entered an order to show cause on February 6, 2024, requiring the Plaintiff to show cause why the case should not be dismissed for lack of service after the expiration of the ninety-day deadline in Rule 4(m).

The Plaintiff responded one month later, on March 6, 2024. DE 21. As best as the Court could discern, the Plaintiff requested additional time to serve the Defendant. *Id.* The Court granted that request and set a deadline of March 25, 2024, for the Plaintiff to provide proof of service. DE 22. The Court cautioned the Plaintiff that he should expect no further extensions of time. *Id.* On March 19, 2024, the Plaintiff filed a certificate of service. DE 23. This Order analyzes the Plaintiff's certificate of service.

The Defendant in this case is a corporation. Under Federal Rule of Civil Procedure 4(h)(1)(B), a corporation may be served by delivering a copy of the summons and complaint to a

---

[1] Although the Plaintiff filed a document on service at docket entries 17 and 19, proof of service must be made by affidavit. Fed. R. Civ. P. 4(l)(1). At the time the Court entered its order to show cause on service, there was no supporting affidavit on service in the court file.

corporate officer, a managing agent, a general agent, or an agent who has been appointed under the law to receive service of process. The Plaintiff's certificate of service does not attest to service on an officer, managing agent, general agent, or an appointed agent.

Federal Rule of Civil Procedure 4(h)(1)(A) also allows for a corporation to be served pursuant to state law where service is made. Here, the Defendant has a California address and, according to the certificate of service, was served in California. Under California law, a corporation may be served by delivering a copy of the summons and complaint to a person previously designated by the corporation to receive process, a president, chief executive officer, or another corporate officer. Cal. Civ. P. § 416.10. The Plaintiff's certificate of service does not attest to service through any of these means even though, as a corporation, the Defendant is required to have corporate officers and agents who can receive service of process, and to publicly disclose the same.

Finally, California law also permits substituted service on a corporation. Cal. Civ. P. § 415.20. Because the Plaintiff's certificate of service is titled "Affidavit of Substituted Service," the Court believes that this is the provision the Plaintiff has attempted to utilize. DE 23.

Substituted service may be made on a corporation by leaving a copy of the summons and complaint during normal business hours at the corporation's physical address, with "the person who is apparently in charge thereof." Cal. Civ. P. § 415.20. According to the Plaintiff's certificate of service, a process server left a copy of the complaint during normal business hours with an unidentified receptionist at the Defendant's physical address, stating that the receptionist was "in charge authorized [sic] to accept." DE 23.

For the Plaintiff to utilize California substituted service, however, service is not complete through the act of the process server's initial delivery alone. Instead, the Plaintiff must also

2

thereafter mail a copy of the summons and complaint by first-class mail, postage prepaid, to an appropriate person, such as a corporate officer. Cal. Civ. P. § 415.20.  On the tenth day after the mailing, service is effective. *Id.*

Importantly, the summons and complaint cannot be mailed to just anyone at the corporation, nor can the mailing be to the corporation itself, bereft of a designated individual to receive the mailing. *See Cluney v. Sorour DMD PC*, No. B316208, 2023 WL 8444018, at *3 (Cal. Ct. App. Dec. 6, 2023) (refusing to permit service mailed to the corporation itself, without an individual recipient); *Dill v. Berquist Construction Co.*, 24 Cal. App. 4th 1426, 1439 (Cal. Ct. App. 1994) (holding the same).  The complaint must be mailed to an individual authorized to receive service on behalf of the corporation, such as a president or corporate officer. *Id.*

Here, more than ten days have passed since the process server delivered a copy of the complaint to an unidentified receptionist; yet no proof of a subsequent mailing, as § 415.20 requires, appears in the court file.  Additionally, there is no proof in the court file that the process server delivered a copy of the complaint ***and*** a summons—the process server only attests to delivering a copy of the complaint. DE 23.  Both California law and the Federal Rules of Civil Procedure require the delivery of ***both*** a summons and a complaint. Cal. Civ. P. § 415.20; Fed. R. Civ. P 4(h)(1).[2]  It is the summons which identifies the individual who is authorized to receive service on behalf of the corporation but, here, the Plaintiff has failed to identify any such person on a summons, let alone provide proof of the delivery.

This case is 117 days old.  The Defendant is not an individual who can attempt to evade

---

[2] The Court is also unable to locate any docket entry recording a request from the Plaintiff for the Clerk of the Court to prepare a summons.

service of process.[3] The Defendant is a known corporation with a known physical address. The Plaintiff is also not *pro se*—the Plaintiff has retained counsel in this case. Taken together, the Plaintiff has not shown good cause why, after 117 days, the Plaintiff, through his counsel, still has not filed legally valid proof of service. The Court exercises its discretion[4] to dismiss this case without prejudice for lack of service, consistent with its order to show cause at docket entry 20, in the hope that counsel, in any future case, will act with greater diligence to both timely serve the Defendant and to provide proof of the same to the Court.

The Clerk of the Court shall **CLOSE THIS CASE**.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 3rd day of April, 2024.

_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to Counsel of Record

---

[3] In the event corporate employees do try to evade service, California law allows for service to be accomplished through the California Secretary of State. Simply stated, unlike an individual, a known, public corporation cannot indefinitely evade service of process.

[4] A dismissal for the failure to timely serve a defendant is reviewed for an abuse of discretion. *E.g., Lepone-Dempsey v. Carroll Cnty. Com'rs*, 476 F.3d 1277, 1280 (11th Cir. 2007).